# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION AT MEMPHIS

_____

| | |
|---|---|
| RACHEL L. MALONE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 2:12-cv-02857-SHL-tmp |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

_____

# MEMORANDUM OPINION
_____

Plaintiff Rachel Malone ("Malone") brings this action against Defendant United States of America for negligence pursuant to the Federal Tort Claims Act, 26 U.S.C. § 2671 et seq.. (See Am. Compl., ECF No. 21.) Malone filed her complaint (ECF No. 1) on September 28, 2012, alleging that the United States Postal Service's agent Edward Ware caused her physical injury by failing to adhere to the standard of reasonable care while operating a vehicle, and hitting Malone as she was standing behind her car. On August 20, 2013, Malone filed a Motion for Joinder, seeking to add two defendants (Christopher Taylor and GEICO Insurance Company), which the Court granted. (See ECF Nos. 17, 20.) These additional parties were dismissed from the case on May 14, 2014. (ECF No. 43.)

The Court held a bench trial in this case on November 12, 2014. (ECF No. 55.) Plaintiff was represented by David Siegel. The United States was represented by Michelle Kimbril-Parks and Harriet Halmon. Plaintiff presented live testimony from two witnesses, Rachel Malone and Jason Malone, and offered twelve exhibits (exhibits 4-15). Plaintiff was unable to serve a

subpoena on her third witness, Dr. Vernois Buggs, and he was therefore unavailable for trial. Dr. Buggs deposition was admitted into evidence in lieu of his live testimony. (See ECF No. 57.) The United States presented four witnesses: Edward Ware, Officer Lametria Harris, Officer Reginald Kelley, and EMT Megan Shields (via video deposition). The United States also offered six exhibits, which the Court received without objection and entered into evidence (Exhibits 16-21).

For the reasons set forth below, the Court finds that Malone did not meet her burden of proving by a preponderance of the evidence that Ware caused her injuries, and therefore the United States is not liable for negligence.

## I. FINDINGS OF FACT

On August 5, 2010, the plaintiff, Rachel Malone, was operating a 2010 Ford Focus westbound on Yale Road in Memphis, Tennessee. (Stipulated Facts, ECF No. 54 at 3.) Defendant Christopher Taylor (who was operating a 1996 Honda Accord) struck the passenger side of Ms. Malone's vehicle at the intersection of Hanna and Yale Road after he disregarded a stop sign. (Id.) This collision severely damaged Malone's vehicle and, according to Malone, caused the airbags to deploy. (Transcript, ECF No. 60 at 46, 129.) Following the accident, Malone's vehicle came to rest in the right lane of traffic on Yale Road. (Stipulated Facts, ECF No. 54 at 3.) According to Malone, she pulled the vehicle over as close to the side of the road as possible, but was unable to reach the curb because the vehicle shut down. (Transcript, ECF No. 60 at 25, 68.) After pulling her car to the side of the road, Malone exited her vehicle and went to see if Taylor was okay and to exchange insurance information with Taylor. (Transcript, ECF No. 60 at 25.) Malone did not engage her vehicle's hazard lights. (Transcript, ECF No. 60 at 100.)

Following her conversation with Christopher Taylor regarding the first accident, Malone walked back to her parked vehicle in order to obtain her insurance information. (Transcript, ECF No. 60 at 27). At this point, just minutes after the first accident, a Postal Service truck driven by Edward Ware (an employee of the United States Postal Service who was acting in the course and scope of his employment) collided with the rear of Malone's vehicle. (Stipulated Facts, ECF No. 54 at 3.) Malone claims that she was standing behind her car at the time, and that Ware also struck her person, throwing her into the grass on the side of the road. (Transcript, ECF No. 60 at 28.) Ware avers that he saw Malone's vehicle just prior to hitting it, that he did not see Malone at the time of the accident, and that he only hit Malone's vehicle. (Transcript, ECF No. 60 at 101.) Both Malone and Ware testified that there were many witnesses at the scene of the second accident (See Transcript, ECF No. 60 at 28, 102), but none of these bystanders testified.

Police and paramedics were dispatched to the scene of the accidents. Malone reported to the lead EMT on the scene (Megan Shields) that she had general pain on her left side. (Transcript, ECF No. 60 at 190.) Malone did not report to the lead paramedic that a motor vehicle directly struck her person. (Transcript, ECF No. 60 at 195.) This is corroborated by the paramedic's report (Exhibit 9), which states that Malone was in a motor vehicle accident but does not mention that Malone was personally struck by a vehicle. In fact, Shields testified that she would have followed a different protocol of treatment if a car had hit Malone. (Transcript, ECF No. 60 at 195.) Malone also failed to report to the responding police officer (Officer Reginald Kelley) that she had been struck by a vehicle. (Transcript, ECF No. 60 at 153.) This is corroborated by the police report which states that the most harmful event was a collision between a vehicle in transport and a parked vehicle (See Exhibit 18) and the police diagram of the accident which shows the point of impact as between two vehicles (See Exhibit 19,

Transcript, ECF No. 60 at 160.) Kelly testified that, if the accident involved a pedestrian being hit by a car, another page of the accident report would have been completed. (See Transcript, ECF No. 60 at 157.)

Following the accident, Malone went to Methodist North Hospital in Memphis, Tennessee where she underwent several X-rays. (Transcript, ECF No. 60 at 33.) The diagnostic tests did not reveal any fractures. (Id.) The emergency room's triage notes indicate that Malone complained of two accidents, stating: "I was hit twice, hit in side of car, restrained driver with air bag deployment, post office truck hit car then threw her in yard." (Emergency Room Records, ECF No. 57-8 at 16.) On the advice of her attorney, Malone saw Dr. Vernois Buggs for a follow-up appointment. Dr. Buggs testified that Malone suffered from cervical strain, thoracic strain, lumber strain, and left knee strain/contusion (Buggs' Deposition, ECF No. 57 at 10), but that he could not say which of the two accidents caused her injuries (Buggs' Deposition, ECF No. 57 at 51.)

## II. CONCLUSIONS OF LAW

Under Tennessee law, plaintiffs must prove five elements to prevail on a negligence claim: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." Rice v. Sabir, 979 S.W.2d 305, 308 (Tenn. 1998) (citing Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993)). After considering all of the above facts, the Court concludes that Malone has failed to establish by a preponderance of the evidence that she was personally hit by Ware's truck or that the second accident caused physical harm to her, and therefore she cannot establish causation.

The testimony offered at trial did not establish that Plaintiff was hit. She testified that she was, even though her back was turned to the Postal truck as it allegedly struck her. Ware testified that he did not hit her, only striking her car. Although both witnesses appeared credible, they could not both be correct as to what occurred, so the Court must look to other proof offered in the matter.

First, despite allegedly being hit by a large truck moving at moderate speed, Plaintiff did not mention to any of the first responders at the scene (police or EMT) that she had been struck by a vehicle. (Transcript, ECF No. 60 at 153, 195.) Furthermore, despite there being many alleged witnesses on the scene (See Transcript, ECF No. 60 at 28, 102), Plaintiff did not produce a single witness to testify that she was hit by the postal truck. The physical evidence also does not support Malone's story. There is no dispute that Ware hit Malone's vehicle straight-on and that Malone's vehicle was not directly adjacent to the curb. Given these facts, it is highly unlikely that Ware's truck would have thrown Malone at the roughly 45 degree angle necessary for her to land in the grass on the side of the road as she claims. Finally, while it is undisputed that Malone suffered some sort of injury, there are ample alternative explanations for that injury in the record. Taking all of this evidence into account, the Court finds that Malone did not carry her burden of proving that Ware struck her or otherwise caused her physical injury.[1]

Because Malone did not prove that her injuries were caused by Ware's negligence, the Court finds in favor of the Defendant, the United States of America.

---

[1] The United States also argues that Malone was at least 50% at fault in this case for parking her car in an active traffic lane without putting on her hazards and therefore is not entitled to recover under the theory of contributory negligence. Because the Court finds that the United States did not cause Malone's injuries, it is unnecessary to decide this issue.

**IT IS SO ORDERED**, this 29th day of December, 2014.

                                                  /s/ Sheryl H. Lipman
                                                  SHERYL H. LIPMAN
                                                  U.S. DISTRICT COURT JUDGE